[Cite as *State v. Howard*, 2014-Ohio-5103.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,                  :

v.                                                      :                No. 14AP-239
                                                                    (C.P.C. No. 13CR-08-4407)
John M. Howard,                            :

      Defendant-Appellant.            :                (REGULAR CALENDAR)


D E C I S I O N

Rendered on November 18, 2014


*Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

*Koenig & Long, LLC*, and *Todd A. Long*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} John M. Howard is appealing from his convictions on charges of importuning, a felony of the fifth degree, and attempted unlawful sexual conduct with a minor, a felony of the fourth degree. He assigns a single error for our consideration:

> The trial court erred in failing to find that the Appellant proved the affirmative defense of entrapment by a preponderance of the evidence; thus, his convictions for Importuning and Attempted Unlawful Sexual Conduct with a Minor are against the manifest weight of the evidence.

{¶ 2} Howard was convicted of the charges after a nonjury trial. The trial judge found that the State of Ohio had proved the elements of the charges beyond a reasonable doubt, but Howard had not proved the affirmative defense of entrapment.

{¶ 3} As frequently happens in such prosecutions, a police officer was posing as a juvenile interested in a sexual encounter. The police officer pretended to be a 14-year-old male "Nick." The officer even provided a picture of a 14 year old to Howard.

{¶ 4} Eventually the two agreed to meet and Howard was arrested at the arranged meeting place.

{¶ 5} There is no serious dispute that Howard expressed interest in having a sexual encounter with "Nick." Howard bases his assertions that he was entrapped on the fact the posting on Craigslist which got the communication started was in an area labelled "Casual Encounters." Persons who communicated were supposed to be 18 years of age or older.

{¶ 6} The primary case in Ohio outlining the defense of entrapment is *State v. Doran*, 5 Ohio St.3d 187 (1983).

{¶ 7} The first paragraph of the syllabus for *Doran* reads:

> The defense of entrapment is established where the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to prosecute.

{¶ 8} To prove entrapment, a criminal defendant must convince the trier of fact that he or she is not predisposed to commit the crime, in this case, the engaging in sexual activity with a minor. Howard did not present sufficient evidence to convince the judge who tried the case that he was not predisposed to engage in fellatio with an adolescent male. Howard continued communicating with "Nick" after learning "Nick" purported to be 14 years old and after Howard received a picture of a 14 year old purporting to be "Nick."

{¶ 9} Howard followed up with a trip to the city of Nick's residence for an encounter.

{¶ 10} The trial judge could decide, as he did based upon these facts, that Howard was predisposed to have sex with a 14 year old. There is competent credible evidence to support the trial court's judgment. Once entrapment was not proved, Howard had no other defense.

{¶ 11} The sole assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN and KLATT, JJ., concur.

————————